GARDNER B. PETTIS *vs.* BENJAMIN F. JENNINGS.

Since the passage of chap. 332 of the statutes, enlarging the jurisdiction of special courts of common pleas, an action of ejectment in such court may be supported by any satisfactory evidence of the keeping of a house of ill-fame by the defendant, proof of his *conviction* of that offence being no longer necessary.

ACTION of trespass and ejectment commenced at a special court of common pleas, to recover possession of a tenement hired by the defendant from the plaintiff, who was the owner thereof.

At the trial of the case before Mr. Justice *Burges*, without a jury, the court, against the defendant's objection, admitted parol testimony to show that the defendant used said tenement as a house of ill-fame, and gave judgment for the plaintiff, whereupon the defendant alleged exceptions.

*Miner*, for the defendant, in support of the exceptions. The special court of common pleas is a court of special and limited jurisdiction, and has only such powers as are explicitly given it by the statute. Courts of limited jurisdiction take no powers by implication. Wherever the statute gives them jurisdiction upon certain conditions, they can take jurisdiction in no other manner. By Rev. Stat. chap. 216, § 7, jurisdiction is given to such courts upon *conviction*, &c., of keeping a house of ill-fame.

*James Tillinghast*, for the plaintiff, *contra*. This bill of exceptions should be overruled, and the judgment of the special court of common pleas should be affirmed, for the following reasons.

I. Because when, as in this case, a general verdict or judgment has been rendered, it may be entered on any count of the declaration which the court can see is sufficient to sustain it. This is the rule even in case one count is insufficient in itself; *a fortiori*, when the objection is only to the evidence under one count, no exception being taken to the other counts or to the evidence under them. *Aldrich* v. *Lyman*, 6 R. I. 98.

II. Because the evidence which is objected to was lawful evidence, and was properly admitted and heard by the judge. The statutes give this action in case the demanded premises have been by the tenant, as a matter of fact, used as a house of ill-fame, &c. Rev. Stat. chap. 73, § 4; Statutes, chap. 444, § 14; chap. 670, § 4; Rev. Stat. chap. 167, § 2. It is the use, and not the conviction for using, that annuls the lease.

The evident purpose of the 7th section of chap. 216 was not to limit the evidence in actions of this kind to proof of conviction; but to change the law of evidence, so as in addition to that evidence which would be admitted at common law, to make the conviction of itself not only evidence, but conclusive evidence, of the unlawful use, which otherwise it would not have been even if admissible at all. *Mead* v. *The City of Boston*, 3 Cush. 404; 1 Greenl. Ev. § 537 (8th edition), and cases there cited.

Pettis v. Jennings.

In view particularly of the penalties affixed upon the owner by § 5 of chap. 73, it could not have been intended that he must await the long delays of securing a conviction under a prosecution he could not control, before having it in his power to abate the nuisance upon his estate.

Such a construction would in a great measure defeat the very purpose of the statute. And it clearly appears that the Rev. Stats. were not intended to exclude all evidence in such cases, except proof of conviction, by examination of § 3 of chap. 73, which expressly provides that evidence of reputation may be given to prove the unlawful use.

BRAYTON, C. J.[1]   This cause was tried at a special court of common pleas for this county.   It was an action of ejectment to recover possession of a tenement holden by the defendant of the plaintiff as tenant from month to month.   The first two counts aver the termination of the tenancy by notice in writing within the time prescribed by the statute for that purpose, and that the defendant held over.   The third count avers that the defendant used the premises as a house of ill-fame, resorted to for the pur-

---

[1] The essential portions of the several statutes construed in this case are as follows : —

Rev. Stat. (revision of 1857) chap. 167, § 2.   Such courts (*i. e.* special courts of common pleas) shall have cognizance, concurrent with the Supreme Court and Court of Common Pleas; . . . . of all actions brought against tenants, for possession of the tenements or estates let, who hold over the term for which such tenements or estates are let, whether the same be let by writing or parol; of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms or conditions of the lease or agreement under which they held, or who hold or occupy tenements or estates by forcible entry and detainer.

Chap. 216, § 7.   When the lessee of a dwelling-house shall be convicted of keeping the same as a house of ill-fame, the lease or contract for letting such house shall, at the option of the lessor, become void; and such lessor shall, thereupon, have the like remedy to recover possession as against a tenant holding over after the expiration of his term.

Statutes, chap. 332 (passed March 2, 1860), § 1.   Special courts of common pleas, in addition to the powers conferred upon them by chap. 167, § 2, of the Rev. Stats., shall have cognizance, concurrent with the Supreme Court and Court of Common Pleas, of actions brought for possession of tenements or estates against tenants and others who hold and occupy the same by wrongful entry or detainer, or as tenants at will, or by sufferance.

Pettis v. Jennings.

poses of prostitution, whereby the tenancy terminated and the plaintiff became entitled to the possession.

The defendant's exception relates to the third count only, and, for the purpose of considering it, we may assume that to be the only count. Upon this assumption it will be difficult to maintain the exception.

The cause was tried by the court without a jury, the jury trial having been waived. The objection is, that the judge who heard the cause received parol evidence to prove the occupation of the premises in the manner alleged in the count, and the objection is made to rest upon the 7th section of chapter 216 of the Revised Statutes, which provides that where a lessee of a dwelling-house shall be *convicted* of keeping the same as a house of ill-fame, the lease shall become void at the option of the lessor, and the lessor shall have the like remedy to recover possession as against a tenant holding over after the expiration of his term ; and the defendant claims that by this provision jurisdiction is given to a special court only upon conviction, and a conviction must therefore from necessity be shown, to warrant any judgment against the tenant. Chapter 167, section 2, limited the jurisdiction of special courts over actions of ejectment to those brought against tenants holding over the term for which the tenement was hired, or where the tenants have broken the terms or conditions of their leases, or where they hold by forcible entry and detainer.

Section 7 of chapter 216 extends the jurisdiction of special courts to actions against tenants who shall have been convicted of using the tenement as a house of ill-fame. Were these the only statutes upon the subject, it might be claimed that a conviction was necessary to be proved to give jurisdiction, and to warrant any judgment for possession.

But by another act, chapter 332, the jurisdiction of special courts has been extended to all cases of ejectment against persons holding by wrongful entry or detainer.

The third count alleges such a case. That count is framed upon chapter 73, section 4, of the Revised Statutes, which provides that when any lessee or occupant of any building or tenement shall use the premises for any of the purposes mentioned in the first section of that chapter, such use shall annul the lease or other title under which he holds, and the right of possession shall revest

in the owner, and he may enter without process. The tenant, under this act, became a wrongful holder and detainer as a consequence of the unlawful use. The owner might have maintained his action for the possession, in the Court of Common Pleas, though not in a special court, before the enactment of chapter 332. He may now bring his action in either, and may support his action by proving the unlawful use by any competent evidence, whether by writing or parol, and whether the defendant shall have been first convicted or not.

It was no error in the judge to admit the parol evidence in this case, had it appeared here that such evidence determined the judgment, and this were the only count in the declaration. There are, however, other counts in the declaration upon which issue was made, and to none of the evidence upon them was there any objection, and it does not appear that judgment was not properly rendered upon these.

*Exceptions overruled. Judgment of court below confirmed with costs of this court.*